**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DAVID BURT, ) | |
| 2474 Baird Street, ) | |
| Port Charlotte, FL 33948 ) | |
| ) | Civil Action No. _____ |
| *Plaintiff*, ) | |
| ) | |
| v. ) | |
| ) | |
| U.S. AGENCY FOR ) | |
| INTERNATIONAL DEVELOPMENT, ) | |
| 1300 Pennsylvania Avenue, NW, ) | |
| Washington, D.C. 20523, ) | |
| ) | |
| U.S. DEPARTMENT OF STATE, ) | |
| 2201 C Street, NW, ) | |
| Washington, D.C. 20520, ) | |
| ) | |
| MARCO RUBIO, ) | |
| in his official capacity as ) | |
| SECRETARY OF STATE, ) | |
| U.S. Department of State, ) | |
| 2201 C Street, NW, ) | |
| Washington, D.C. 20520 ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

**COMPLAINT TO COMPEL AGENCY ACTION**
**UNLAWFULLY WITHHELD AND UNREASONABLY DELAYED**

**Nature of Claim**

1.      Plaintiff David Burt brings this civil action under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702 and 706(1), to compel the U.S. Agency for International Development ("USAID") and the U.S. Department of State ("State Department") to comply with a final decision of the Foreign Service Grievance Board ("Board" or "FSGB"), dated September 30, 2025. That Decision ordered Defendants to pay Plaintiff $240,284.50 in attorneys' fees and $3,435.49 in reimbursable expenses. Despite receiving notice of the

Decision on December 5, 2025, Defendants have failed to issue payment and have unreasonably delayed compliance, necessitating judicial intervention.

## Jurisdiction and Venue

2.      This Court has jurisdiction under § 1110 of the Foreign Service Act of 1980, as amended, 22 U.S.C. § 4140, which provides for judicial review of final actions of the FSGB in the district courts of the United States

> in accordance with the standards set forth in chapter 7 of title 5 [the APA], if the request . . . is filed not later than 180 days after the final action of the . . . Board . . . . Section 706 of title 5 shall apply without limitation or exception.

3.      Because this is an action arising under the laws of the United States, specifically 22 U.S.C. § 4140, this Court also has jurisdiction under 28 U.S.C. § 1331.

4.      Venue lies in this judicial district under 28 U.S.C. § 1391(e). Venue is proper here because Defendants are agencies and officers of the United States located in the District of Columbia; the events giving rise to this action occurred in this district; and the records relevant to Plaintiff's claims are maintained and administered here.

5.      This action is timely under 22 U.S.C. § 4140, filed within 180 days of the FSGB's final decision, dated September 30, 2025.[1]

## Description of the Parties

6.      Plaintiff is a United States citizen. He began his tenure as a Foreign Service Officer with USAID in September 2015 and served in that capacity until September 2, 2025, when he was separated from Federal service as part of a Reduction in Force ("RIF") affecting multiple employees.

---

[1] The Board has confirmed that its final decision was issued on September 30, 2025. Distribution to the parties did not occur until December 5, 2025, as a result of a funding lapse arising from the 2026 partial government shutdown.

7.      Defendant USAID is an independent federal agency established by Congress pursuant to 22 U.S.C. § 6563 and constitutes an "agency" within the meaning of the APA, 5 U.S.C. § 701(b)(1). On July 1, 2025, USAID ceased independent operations, with its remaining functions transferred to the State Department. Notwithstanding this transfer, USAID retains its legal existence as a statutory entity that cannot be abolished absent an act of Congress. Both Defendants are named to ensure complete and enforceable relief.

## Statement of Facts

### *Plaintiff's Employment and Underlying Contested Discipline*

8.      Plaintiff began his career as a Foreign Service Officer with USAID in September 2015.

9.      In October 2021, USAID issued Plaintiff a proposed three-day suspension based on statements allegedly made in a foreign language during a foreign language training.

10.     On March 31, 2022, USAID sustained the suspension.

### *Plaintiff's Agency-Level Grievance and FSGB Appeal*

11.     On April 21, 2022, Plaintiff filed a grievance with USAID and requested that the suspension be stayed as interim relief.

12.     USAID granted the request for interim relief but ultimately sustained the suspension.

13.     Plaintiff subsequently pursued his grievance before the Board, which conducted a hearing on January 25, 2024.

14.     On November 13, 2024, the Board issued a decision ordering USAID to mitigate the penalty to a Letter of Admonishment—a non-disciplinary action—and to exclude from the text of the Admonishment any discussion of unproven and unnoticed allegations.

15.    The Board further ordered that Plaintiff was entitled to file a request for attorneys' fees for services rendered, in accordance with 22 C.F.R. § 908.2 (1991) and Section 7.8 of the Board's Policies and Procedures.

16.    On December 19, 2024, Plaintiff filed a consent motion to stay his deadline to file a fee petition in light of USAID's notice that it intended to seek reconsideration of the Board's November 13, 2024, decision.

17.    On December 20, 2024, the Board granted the stay.

18.    On February 6, 2025, USAID filed a Motion for Reconsideration of the Board's November 13, 2024, decision.

19.    On May 28, 2025, the Board denied USAID's Motion for Reconsideration, lifted its December 20, 2024, stay on Plaintiff's fee petition, and set deadlines for Plaintiff's petition and USAID's response.

### *Plaintiff's Fee Petition*

20.    On June 27, 2025, Plaintiff timely filed his Petition for Attorney's Fees and Costs.

21.    Plaintiff served his Petition on three USAID attorneys: Gayle Girod, Ronda J. Brown, and Erica Hudson.

22.    USAID did not file a response.

23.    On July 30, 2025, the Board notified USAID by email that it had allowed the deadline for its opposition to the Fee Petition to lapse without requesting an extension of time.

24.    On July 31, 2025, the Board sent a follow-up email correcting a typographical error in its July 30, 2025, email.

25.    Both emails were directed to USAID representatives Gayle Girod, Ronda Brown, Erica Hudson, James Truong, and Guy Frederick, with a copy to HCTM.ELR@usaid.gov.

26.     Both emails further notified USAID that any opposition filed after that date would require a motion for permission to submit a late filing.

27.     On August 7, 2025, Mr. Truong replied to the Board and parties with an email containing only two hyperlinks identified as "+Peggy Buckine +William P. Lewis." The Board requested clarification the same day.

28.     On August 11, 2025, Mr. Truong clarified that all future correspondence with USAID regarding FSGB Case No. 2022-025 should be directed to Ms. Girod, Ms. Buckine (USAID paralegal), and Mr. Lewis (USAID support counsel).

29.     On August 18, 2025, Mr. Truong notified the Board and Plaintiff that attorney Natalie Kolb would assume responsibility as USAID's representative.

30.     On August 29, 2025, Ms. Kolb emailed Plaintiff's counsel, Elisabeth Baker-Pham, copied to FSGB Special Assistant Andrew Large and Mr. Lewis, stating that USAID intended to submit an opposition to Plaintiff's Fee Petition and inquiring whether Plaintiff objected.

31.     That same day, Ms. Baker-Pham responded to Ms. Kolb, copied to Mr. Large and Mr. Lewis, and stated Plaintiff's opposition to any such filing.

32.     USAID did not respond and did not submit an opposition to Plaintiff's Fee Petition.

33.     On September 30, 2025, the Board issued a final decision ordering USAID to pay Plaintiff $240,284.50 in attorneys' fees and $3,435.49 in reimbursable expenses.

34.     The final decision did not specify a date by which payment must be made.

35.     The Board further stated in its September 30, 2025, Decision that it would not entertain a motion for reconsideration from USAID in light of USAID's failure to oppose

Plaintiff's Fee Petition.

36.    The Board did not distribute its September 30, 2025, Decision to the parties on that date.

37.    From October 1 through November 12, 2025, Board operations were suspended due to the partial federal government shutdown.

38.    The Board resumed operations on November 13, 2025.

39.    On December 5, 2025, the Board distributed its September 30, 2025, Decision to the parties.

40.    On the same day, the Board notified the parties that distribution had been delayed due to a lapse in State Department appropriations and the resulting suspension of Board operations.

### *USAID's Failure to Comply with the Board's Decision*

41.    On December 29, 2025, Ms. Kolb withdrew as counsel and identified USAID attorney Kelly Mack as her successor.

42.    On January 13, 2026, Ms. Baker-Pham contacted Ms. Mack and Ms. Buckine (USAID paralegal) to request information regarding USAID's timeline for compliance with the September 30, 2025, Decision.

43.    On January 14, 2026, Ms. Mack informed Ms. Baker-Pham that she would look into the matter and respond.

44.    On January 26, 2026, Ms. Baker-Pham followed up with Ms. Mack and Ms. Buckine.

45.    On January 27, 2026, Ms. Mack requested a call with Ms. Baker-Pham but subsequently postponed it.

46. On February 4, 2026, Ms. Mack informed Ms. Baker-Pham that USAID intended to seek leave to file a motion for reconsideration of the September 30, 2025, Decision.

47. That same day, USAID sought leave to file such a motion.

48. On February 5, 2026, Plaintiff opposed USAID's request.

49. On February 6, 2026, the Board rejected USAID's request. USAID informed Plaintiff and the Board that it would proceed accordingly.

50. On March 3, 2026, Ms. Baker-Pham contacted Ms. Mack regarding the status of payment.

51. Ms. Mack stated that counsel was working on payment, that USAID was not disputing the award, and that the matter remained solely one of logistics.

52. Ms. Mack also noted that her last day with USAID would be March 6, 2026, due to a RIF.

53. On March 6, 2026, Ms. Mack informed Ms. Baker-Pham that the matter was still pending with the resource management team and that USAID attorney Chris Krafchak would assume responsibility in her absence.

54. On March 13, 2026, Ms. Baker-Pham contacted Mr. Krafchak and requested the identity of the person to whom Plaintiff should submit payment information.

55. USAID did not respond.

56. On March 24, 2026, Ms. Baker-Pham again contacted Mr. Krafchak and requested a telephone conference.

57. On March 26, 2026, Mr. Krafchak replied to Ms. Baker-Pham's email, stating he was unfamiliar with the matter but believed it involved a settlement agreement, and requested a copy in order to move it forward.

58.    As of the date of this filing, USAID has not issued any payment to Plaintiff and has therefore unlawfully withheld and unreasonably delayed compliance with the Board's September 30, 2025, Decision.

### Statement of Claims

### COUNT 1

### Unlawful Withholding of Agency Action
### in Violation of APA, 5 U.S.C. §§ 701 *et seq.*

59.    Plaintiff realleges and incorporates by reference paragraphs 1 through 58 of this Complaint.

60.    Under 22 U.S.C. § 4137(b)(5), where the Board determines that a grievance is meritorious, it is authorized to direct the agency to pay reasonable attorneys' fees to the grievant "to the same extent and in the same manner as such fees may be required by the Merit Systems Protection Board under section 7701(g) of Title 5."

61.    Board decisions directing payment of fees under 22 U.S.C. § 4137(b)(5) are final, subject only to judicial review as provided in 22 U.S.C. § 4140.

62.    The Board determined that Plaintiff's grievance was meritorious and directed USAID to pay Plaintiff $240,284.50 in attorneys' fees and $3,435.49 in reimbursable expenses.

63.    Under 5 U.S.C. § 706(1), a district court shall compel agency action unlawfully withheld.

64.    USAID has failed to pay Plaintiff as directed. That failure constitutes agency action unlawfully withheld in violation of the APA.

8

**COUNT II**

**Unreasonable Delay in Agency Action
in Violation of APA, 5 U.S.C. §§ 701 *et seq.***

65.    Plaintiff realleges and reincorporates by reference paragraphs 1 through 58 of this Complaint.

66.    Under 22 U.S.C. § 4137(b)(5), where the Board determines that a grievance is meritorious, it is authorized to direct the agency to pay reasonable attorneys' fees to the grievant "to the same extent and in the same manner as such fees may be required by the Merit Systems Protection Board under section 7701(g) of Title 5."

67.    Board decisions directing payment of fees under 22 U.S.C. § 4137(b)(5) are final, subject only to judicial review as provided 22 U.S.C. § 4140.

68.    The Board determined that Plaintiff's grievance was meritorious and directed USAID to pay Plaintiff $240,284.50 in attorneys' fees and $3,435.49 in reimbursable expenses.

69.    Under 5 U.S.C. § 555(b), an agency is required to conclude a matter presented to it "within a reasonable time."

70.    Under 5 U.S.C. § 706(1), a district court shall compel agency action unreasonably delayed.

71.    USAID has been represented by counsel at all relevant times and was on notice of the Board's September 30, 2025, Decision no later than December 5, 2025, the date the Decision was distributed to the parties.

72.    Despite that notice, as of February 4, 2026—nearly two months after its receipt of the Decision—USAID had not paid Plaintiff the amount owed.

73.     On February 4, 2026, USAID sought leave to file a motion for reconsideration of the Board's final decision, notwithstanding the Board's earlier explicit notice that it would not

9

entertain such a request.

74.    On February 6, 2026, the Board rejected USAID's request.

75.    As of the date of this filing—nearly four months after its receipt of the Decision—USAID has still not paid Plaintiff the amount owed. USAID has acknowledged that the award is not in dispute and that non-payment is solely a matter of logistics.

76.    USAID's failure to conclude this matter within a reasonable time constitutes unreasonable delay in violation of 5 U.S.C. §§ 555(b) and 706(1).

### Prayer for Relief

Wherefore, Plaintiff respectfully requests that this Court enter judgment:

a.    Declaring that USAID has unlawfully withheld and unreasonably delayed payment to Plaintiff in violation of the APA;

b.    Compelling USAID to immediately issue payment to Plaintiff of $240,284.50 in attorneys' fees and $3,435.49 in reimbursable expenses, together with any applicable interest;

c.    Awarding Plaintiff his attorneys' fees and costs incurred in this action pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, on the grounds that USAID's position in this matter was not substantially justified; and

d.    Granting Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Aaron H. Szot

_____
Aaron H. Szot
D.C. Bar No. 1031661
Kalijarvi, Chuzi, Newman & Fitch, P.C.
818 Connecticut Avenue, NW, Suite 1000
Washington, D.C. 20006
Tel.: 202-331-9260
Fax: 1-866-452-5789
ASzot@kcnlaw.com
*Attorney for Plaintiff*